FILED
OCT 15 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY LEWIS, )
)
)
Petitioner, )
)
v. ) Civil Action No. 10-1624
)
UNITED STATES ATTORNEY GENERAL, )
)
Respondent. )
)

## MEMORANDUM OPINION

This matter is before the Court on consideration of the *pro se* petitioner's application to proceed *in forma pauperis* and petition for a writ of mandamus. The Court will grant the application and deny the petition.

Petitioner claims to be a crime victim because the government "illegally and unlawfully intercepted, used and disclosed without authorization from the United States Attorney General" certain telephone communications in violation of 18 U.S.C. §§ 2511and 2516. Pet. at 1. He alleges that these telephone communications were used as evidence against him in criminal proceedings, *see* Pet. at 2, which culminated in his conviction and imprisonment. He is serving a sentence of life imprisonment without the possibility of parole. *See Lewis v. Drug Enforcement Admin.*, No. 8:03-CV-121-T-24TBM, 2010 WL 2293164, at *1 (M.D. Fla. June 2, 2010). As a crime victim, he seeks a writ of mandamus directing the Attorney General to comply with the Crime Victims Rights Act ("CVRA"), *see* 18 U.S.C. § 3771. *See* Pet. at 10.

Petitioner already has sought relief under the CVRA by filing a petition for a writ of mandamus in the United States Court of Appeals for the Eleventh Circuit.[1] *See* Petitioner's Request for the Writ of Mandamus in Reference to the District Court's Denial of Request for Victims Rights and Services pursuant to Title 42 U.S.C. §§ 10606, 10607 and Title 18 U.S.C. § 3771(a) in Light of In Re Stewart, 552 F.3d 1285 (11th Cir. 2008), in Concert with Appeal of Denial of Recusal and Reassignment of the Case to Another Judge, *In re Lewis*, No. 10-13226 (11th Cir. July 15, 2010). The petition was denied because "there is no ongoing 'prosecution of the person charged with the crime', [and] Petitioner is not a 'crime victim' within the meaning of the CVRA." Order, *In re Lewis*, No. 10-13226-J (11th Cir. July 16, 2010) (per curiam) (quoting *In re Stewart*, 552 F.3d at 1286).

The issue of petitioner's rights under the CVRA has been decided by the Eleventh Circuit, and the doctrine of collateral estoppel (issue preclusion) bars relitigation of the issue in this court. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 1078 (1993). The petition will be denied.

An Order accompanies this Memorandum Opinion.

DATE: 10/14/10

United States District Judge

---

[1] This is not petitioner's first attempt to use these intercepted wire communications as fodder for a civil action. For example, in *Lewis v. Drug Enforcement Admin.*, No. 8:03-CV-121-T-24TBM, 2010 WL 2293164, at *1 (M.D. Fla. June 2, 2010), petitioner "allege[d] . . . that his constitutional rights were violated regarding, *inter alia*, intercepted wire communications and the use of allegedly fraudulent search warrants. *Id.* That action was dismissed, and the court denied his subsequent motion for relief from judgment, concluding that petitioner "cannot rely on allegedly fraudulent actions that occurred in the criminal case as a basis for Rule 60(b) relief in this civil rights case." *Id.* at *2.